# EXHIBIT 9



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
Bay Pines FL 33744

August 25, 2004

Mr. Larry D. Thomas
3327 Lunceford Street
Montgomery, AL 36108

**Subj: Notice of Partial Acceptance of EEO Complaint *No. 200I-0619-2004102917* filed on *July 6, 2004***

The purpose of this letter is to advise you of the acceptance of your EEO complaint of discrimination filed on *7/6/04 against officials at the Central Alabama Veterans Health Care System (CAVHCS), Montgomery, AL.*

The complaint file indicates that on 6/1/04 you contacted the EEO Counselor Thomas Allen to file a complaint of discrimination. EEO counseling did not result in a resolution of the complaint and on 7/6/04 you filed a formal complaint. *You assert that on or about 5/14/04 the Chief of Information Management Service (Wm. H. Greer) informed you that on that date your employment as the VISTA Imaging Implementation Manager, GS 12 would be terminated during your probationary period. Furthermore, you contend that you were charged with allegations that were never looked into by management; that you were never given appropriate office space to work from; that it took management two days to produce documents to support your termination; and that management even questioned if your credentials were real. You contend that your employment was terminated due to your* **Race (Black).**

> *CLAIM A - Termination During Probationary Period: **Whether on the basis of Race (Black) you were discriminated against when on or about 5/14/04 the Chief of Information Management Service (Wm. H. Greer) informed you that at the end of the work day your employment as the VISTA Imaging Implementation Manager, GS 12 would be terminated during your probationary period for failure to successfully perform the duties of the position.***

> *CLAIM B – Harassment: **Whether on the basis of Race (Black) you were discriminated against, as evidenced by one or more of the following:***
> a. **On or about 9/25/03, 10/30/03 and 4/20/04 you were charged with a series of allegations without management looking into the matters;**
> b. **On or about 9/24/03 you were questioned if your credentials were real and you were asked to provide proof of your professional certifications identified on your resume;**
> c. **During the first six months of your employment at the CAVHCS you had a folding table as your "desk area", and you were not assigned suitable office space; and**

**Thomas, L. D., page 2**

> *d. After your termination management had to request and produced documents to support your termination.*

We have determined that *Claim A - Termination* meets procedural requirements, and is therefore **ACCEPTED** for further processing.

In reference to *Claim B - Harassment,* we have determined that this claim does *not* meet procedural requirements, and is therefore **DISMISSED** for the following reasons: *EEO regulations require that a complainant discuss all matters believed to be discriminatory with an EEO Counselor within 45-calendar days of the date of the alleged discriminatory event. Your initial contact with an EEO Counselor was on 6/1/04 and the case was closed on 6/28/04 when the Counselor sent to you the Notice of Right to File. On that Notice you were advised that only the issues brought to the counselor's attention during informal counseling could be included on the formal complaint. Notwithstanding, you failed to discuss the other issues identified as Claim B with the counselor.* 29 CFR§1614.107(a)(2) provides that the agency shall dismiss a matter not brought to the attention of an EEO counselor. Thus a complaint may be dismissed in whole or in part for failure to raise the matter with the EEO counselor. The agency does not have the discretion to waive the counseling requirement. Accordingly, *since the events identified above as harassment were not brought to the counselor's attention,* it *is our decision to dismiss this part of your complaint for failure to discuss with an EEO counselor.*

*There is no immediate right to appeal the **dismissed portion** of the complaint, and the dismissal claim will not be investigated. You will have the right to appeal the partial dismissal once final action is taken by the agency on the remainder of the complaint. You may, however, submit a written statement directly to our office concerning our articulation of the claim raised by you, outlining your disagreement with our partial dismissal. If you believe that the accepted claim is improperly formulated, incomplete or incorrect, you have the opportunity to notify this office within **7 calendar days** of receipt of this letter, in writing or by fax, to state your disagreement. If you submit a written statement, it will be included as an official record in the complaint file.*

The accepted *Claim A* will be assigned to an impartial investigator under the supervision of the Office of Resolution Management (ORM), who will investigate your complaint. The investigator will contact you directly in order to obtain information or evidence you may wish to offer. The agency is required to investigate your complaint in a timely manner. The investigation must be completed within 180 days of the filing of your complaint. You will be provided with a copy of the investigative file upon completion and you will be advised, in writing at that time, of your right to request a Final Agency Decision (FAD) from the Office of Employment Discrimination Complaint Adjudication (OEDCA), or a hearing by an administrative judge appointed by the Equal Employment Opportunity Commission (EEOC).

**Thomas, L. D. H., page 3**

If the investigation has not been completed within the 180-day time limit, applicable regulations permit the agency and the complainant to agree in writing to extend the investigative period for not more than 90 days. ORM will make every good faith effort to complete the investigation within the prescribed period. However, where workload demands make it impossible to complete a timely investigation, we will work with you to seek mutual agreement to extend the period so that the investigation might be completed before you seek an EEOC hearing or a final agency decision from OEDCA. If you do not receive a copy of the investigative file within 180-calendar days of the date you filed your formal complaint of discrimination, you have the right to request EEOC to appoint an administrative judge to conduct a hearing on your complaint without waiting further. You may not, however, request a hearing before the 181st day, unless you receive the investigative file sooner. Any request for EEOC to appoint an administrative judge to hear your complaint should be addressed to the District Office of EEOC. A request for a hearing should be addressed to:

> EEOC Hearings Unit
> Birmingham District Field Office
> 1130 22nd Street South, Suite 2000
> Birmingham, AL 35205-2870

A copy of your request for a hearing to EEOC also must be sent to this office at the following address:

> Regional EEO Officer
> Department of Veterans Affairs
> Office of Resolution Management (08J)
> P. O. Box 5005
> Bay Pines, FL 33744

You are required to certify to the EEOC Administrative Judge that you sent a copy of the request for a hearing to the Office of Resolution Management at the above address. A copy of a "Hearing Request Form" is enclosed to assist you in requesting a hearing.

If you request a Final Agency Decision (FAD), it will be rendered by VA's Office of Employment Discrimination Complaints Adjudication (OEDCA), in Washington, DC. The FAD will address all claims and a finding will be made on the merits of your complaint. At that time you may appeal the FAD to EEOC if you are dissatisfied with the decision. OEDCA will provide you with specific information regarding your appeal rights following its final agency decision, to include your right to file a civil action in an appropriate United States district court. A request for a FAD without a hearing should be addressed to:

**Thomas, L. D., page 4**

> Regional EEO Officer
> Department of Veterans Affairs
> Office of Resolution Management (08J)
> P. O. Box 5005
> Bay Pines, FL 33744

Your request for a FAD will be immediately transmitted to OEDCA, along with a copy of the investigative file, and our request that OEDCA render a final decision on your complaint. If you have not received a copy of the investigative file within 180-calendar days of the date you filed your formal complaint and you do not wish to have a hearing, you also have the right to file a civil action in an appropriate United States district court. If you file a civil action, the court may, at its discretion and upon your request, appoint an attorney to represent you in the matter, if you do not have or cannot afford the services of an attorney. The court may also authorize commencement of the civil action without payment of fees, costs, or other security. Finally, if you decide to file a civil action, you must name *Honorable Anthony J. Principi, as the defendant. Mr. Principi's official title is Secretary of Veterans Affairs.*

You must keep this office advised of any change of address. Failure to do so could lead to dismissal of your complaint. You must also immediately advise this office, in writing, of the name, address, and telephone number of any representative you may designate to represent you in this matter. If you advise us of representation, copies of all subsequent actions on your complaint will be mailed or delivered to your representative with copies to you, unless you advise us in writing that you are no longer represented by that individual. If you believe that the accepted claim is improperly formulated, incomplete, or incorrect, you have the opportunity to notify this office within 7-calendar days, in writing or by fax, to state your disagreement. If you do not contact this office within 7-calendar days, it will be assumed that the claim is correctly stated.

A goal of the EEO process is to achieve a mutual resolution of complaints of discrimination. Resolution may occur at any stage and we encourage the parties involved to explore resolution or to utilize the Alternative Dispute Resolution (ADR) process. Should you desire to utilize the ADR process, my staff will be available to assist you. If you have any questions concerning the processing of your complaint, please contact *Ms. Alyicia Tirado, PhD, Intake Specialist, at P. O. Box 5005, Bay Pines, FL, 33744 or by fax (727) 319-1006.*

Bill N. Low
Regional EEO Officer

cc: CAVHCS, Montgomery, AL

Enclosures: *EEOC Hearing Form (AL)*