IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY D. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: **02:05-CV-437-WKW** |
| | ) |
| R. JAMES NICHOLSON, | ) |
| SECRETARY, DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT**

Come now the defendants, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and provides this Honorable Court with a reply brief in support of their Motion to Dismiss, or in the alternative, for Summary Judgment.[1]

---

[1] On October 31, 2006, the plaintiff, *pro se*, filed a document titled, "Plaintiff Motion to Set Trail (sic) Date, or Alternative Motion for Summary Judgment," and supporting brief (Docs. 44 & 45). The defendant construes these pleadings to be a response to its Motion to Dismiss, or in the Alternative, for Summary Judgment, and brief in support thereof filed on October 11, 2006 (Docs. 36 & 37). To the degree the plaintiff's motion is construed to be a motion for summary judgment same is due to be denied / stricken for the plaintiff's failure to timely file same in accordance with the Uniform Scheduling Order entered in this cause on May 31, 2006 (Doc. 30), which required all dispositive motions to be filed on or before October 11, 2006. Moreover, the plaintiff has not sought leave to file a dispositive motion out of time.

## STATEMENT OF FACTS

Unless otherwise indicated, the defendants adopt and incorporate by reference, as if fully set forth herein, the statement of facts and factual averments contained in its memorandum brief in support of their motion to dismiss, or in the alternative, for summary judgment that was filed in this cause on October 11, 2006.

### THE PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THE DEFENDANTS' PROFFERED REASONS FOR HIS TERMINATION WERE PRETEXTUAL

Having agreed that for the purposes of its' Motion to Dismiss, or in the Alternative, for Summary Judgment that the plaintiff could establish a prima facie case of discrimination, the burden shifted to the defendant to articulate some legitimate nondiscriminatory reason for the employee's discharge. Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir.1991)  Only a burden of production, the defendant does not have to persuade the court that it was actually motivated by the proffered reasons. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-255 (1981).

As the declarations and attachments previously filed herein demonstrate, the plaintiff could not, in the opinion of his supervisor and others, successfully perform the functions of his position due to a lack of skills in several areas.  Most notably, the relevant decision maker believed the plaintiff's oral and written communication skills were poor, did not always promote good will, and often times served to alienate other personnel of CAVHCS.  The relevant decision maker also believed the plaintiff's actions

evidenced a lack of mastery of basic computer skills and concepts commensurate with the certifications the plaintiff indicated that he had.  Finally, the relevant decision maker was troubled by the  plaintiff's antagonism towards and / or refusal to adhere to policies and procedures of CAVHCS.

When alleging the defendant's proffered nondiscriminatory reasons for its actions are pretextual the plaintiff's burden has been held to be as follows:

> A plaintiff may prove pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."  Burdine, 450 U.S. at 256, 101 S.Ct. at 1095.  "[B]ecause Plaintiff bears the burden of establishing pretext [for discrimination], he must present 'significant probative' evidence on the issue to avoid summary judgment."   See Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 443-44 (11th Cir.1996) (quoting Young v. General Foods Corp., 840 F.2d 825, 829 (11th Cir.1988)) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986)).  "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered ... extensive evidence of legitimate, non-discriminatory reasons for its actions."  Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 443-44 (11th Cir.1996) (quoting Young v. General Foods Corp., 840 F.2d 825, 830 (11th Cir.1988)) (quoting Grigsby v. Reynolds Metals Co., 821 F.2d 590, 597 (11th Cir.1987)).

Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1377 (11th Cir. 1996).  The  plaintiff has failed to meet these standards.

In cases such as this, federal courts "do not sit as a super-personnel department

that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, [federal anti-employment discrimination statutes do] not interfere, . . . , our inquiry is limited to whether the employer gave an honest explanation of its behavior." Chapman v. AI Transport, 229 F.3d 1012 at 1030 (11th Cir. 2000), *quoting,* Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir.1991)). Further, a "plaintiff is not allowed to recast an employer's proffered nondiscriminatory reason or substitute his business judgment for that of the employer." Id. Thus, "[p]rovided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Id. This is because the relevant inquiry is not whether the plaintiff, in fact, lacked the necessary skills to effectively and successfully perform the functions of the position, but whether Mr. Greer honestly believed so. Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991).

**1)   The plaintiff has failed to demonstrate that Mr. Greer did not harbor an honest belief that the plaintiff lacked the necessary skills to successfully perform the functions of his position.**

The defendant submits the plaintiff has failed to offer the requisite quality and/or quantity of evidence to create a genuine issue as to any of the legitimate non-discriminatory reasons offered by the defendant for terminating his employment. Each of his assertions is founded in great part, if not wholly, upon conclusory, speculative and

inadmissible hearsay statements. Moreover, the plaintiff offers no relevant, admissible evidence upon which the ultimate question in this case can be drawn in his favor; that is, was his termination the result of a prohibited animus on the part of Mr. William Greer.

The plaintiff's submissions offered in support of his assertions regarding his conduct and /or the circumstances surrounding it are not relevant to the essential inquiry; whether the decision was motivated by a prohibited animus. As stated by the Eleventh Circuit:

> 'Title VII addresses *discrimination*.' Ferguson v. Veterans Administration, 11 Cir.1984, 723 F.2d 871, 872. 'Title VII is not a shield against harsh treatment at the workplace.' Jackson v. City of Kileen, 5 Cir.1981, 654 F.2d 1181, 1186. Nor does the statute require the employer to have good cause for its decisions. The employer may fire an employee for a good reason, **a bad reason**, **a reason based on erroneous facts**, or for no reason at all, as long as its action is not for a discriminatory reason. Megill v. Board of Regents, 5 Cir.1976, 541 F.2d 1073, 1077; Sullivan v. Boorstin, 1980, D.D.C., 484 F.Supp. 836, 842. 'While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination. The employer's stated legitimate reason ... does not have to be a reason that the judge or jurors would act on or approve.' Loeb v. Textron, Inc., 1 Cir.1979, 600 F.2d 1003, 1012 n. 6.

(emphasis added), Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1187, *r'hng denied*, 747 F.2d 710  (11th Cir.1984). "[F]or an employer to prevail the jury need not determine that the employer was correct in its assessment of the employee's performance; it need only determine that the defendant in good faith *believed* plaintiff's

performance to be unsatisfactory," Moore v. Sears, Roebuck & Co., 683 F.2d 1321, 1323, n. 4 (11th Cir.1982). Moreover, "if the employer fired an employee because it honestly believed that the employee had violated a company policy, even if it was mistaken in such belief, the discharge is not 'because of race' and the employer has not violated § 1981." Smith v. Papp Clinic, P.A., 808 F.2d 1449, 1452-53 (11th Cir.1987).

Completely absent from the plaintiff's presentation is any evidence, or even argument, that Mr. Greer cited the plaintiff's oral and written communication skills as a mere pretext for unlawful discrimination. Nor does he provide any evidence upon which it could be inferred that Mr. Greer acted with a prohibited animus in terminating the plaintiff's employment. Similarly, the plaintiff provides no evidence or argument to suggest that Mr. Greer did not believe the information he was provided other employees of CAVHCS who had professional interactions with the plaintiff.

Quite simply, the plaintiff has failed to meet the defendant's proffered legitimate non-discriminatory reasons for his termination "head on." Having failed "to rebut," the defendant's asserted reasons for terminating his employment, the plaintiff has not met his burden and the defendant is entitled to the grant of summary judgment.

### 2) The plaintiff was terminated during his probationary period of employment.

The plaintiff asserts that he was terminated outside the one year probationary employment period mandated by 5 C.F.R § 315.801. Particularly, he claims: 1) that his one year period of probation had ended on prior to May 14, 2004; and 2) that he was not

given written notification as required under the applicable regulations. The plaintiff is mistaken on both counts.

Concerning the plaintiff's claim that his term of probation had ended, the relevant regulation states:

> Probation ends when the employee completes his or her scheduled tour of duty on the day before the anniversary date of the employee's appointment. For example, when the last workday is a Friday and the anniversary date is the following Monday, the probationer must be separated before the end of the tour of duty on Friday since Friday would be the last day the employee actually has to demonstrate fitness for further employment.

5 C.F.R. § 315.804(b). Defendant's Exhibit 1 identifies the plaintiff's appointment date as May 18, 2003. The plaintiff ignores this evidence and suggests that his actual period of employment began on May 15, 2003, when he began his travel from California to Alabama. That he began his travel and received reimbursement for his travel expenses does not mean the plaintiff had been appointed to the position on May 15, 2003, in contravention of the official document. Even assuming the plaintiff did enter duty on May 15, 2003, his termination on May 14, 2004, was in accordance with the regulations given that 2004 was a leap year containing 366 days. Thus Friday, May 14, 2004, 365 days after May 14, 2003, was still within one year of May 15, 2003.

With regard to the plaintiff's claim regarding lack of notification of the reasons for his termination, the relevant regulation states

> When an agency decides to terminate an employee serving a probationary or trial period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued

employment, it shall terminate his services by notifying him in writing as to why he is being separated and the effective date of the action. The information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct.

8 C.F.R. § 315.804(a). Defendant's Exhibit 32 is the official letter issued in compliance with the regulation. This exhibit bears the plaintiff signature and the date May 14, 2004. The letter notifies the plaintiff he was being separated, effective May 14, 2004, and clearly related the "agency's conclusions as to the inadequacies of his performance or conduct."

Respectfully submitted this 15th day of November, 2006.

                LEURA G. CANARY
                United States Attorney

By:   s/R. Randolph Neeley
      Assistant United States Attorney
      Bar Number: #9083-E56R
      Attorney for Defendant
      United States Attorney's Office
      Post Office Box 197
      Montgomery, AL  36101-0197
      Telephone: (334) 223-7280
      Facsimile: (334) 223-7418
      E-mail: rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I placed a copy of the foregoing in the United States Mail, first class postage affixed addressed to Larry D. Thomas, *pro se*, 3327 Lunceford St., Montgomery, AL 36108.

Done this 15th day of November, 2006.

s/R. Randolph Neeley<br>
Assistant United States Attorney