# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**Larry D. Thomas**

**Plaintiff/pro se**

Vs

Civil Action No 2:05cv437-T

**R James Nicholson**
**Secretary, Department of**
**Veterans Affairs**

I respectfully request for an extension of time, I have consulted with 2 new law offices who feel I can be properly represented, provided they had time gathered information, proper documentation and depot's. Not being an attorney has left me at a great disadvantage. I, m a honorable discharged veteran who has voluntarily given his time and placed his life on the line for America freedom and justice. The VA would be one of the last organization on the planet I would think would wrongful terminate a veteran. Based on finding a lawyer, willing to take this case; I submit this Stipulated Order to establish the following briefing timetable:

1. Plaintiffs shall have an extension of time, through Jan 30, 2007, to choose proper counsel and addend the initial complaint and request trail by Jury.

2. Plaintiffs shall have an extension of time, through April 30, 2007, to for a new discovery period to give the attorney time to prepare.

3. The Plaintiffs, individually and collectively, shall have until April 30, 2007 to file any motions, responsive pleadings, or other papers that the Plaintiffs shall deem fit, in response to or addressing the documentation that has been filed by the Defendant.

4. The Plaintiff has recently assembled a team of lawyers to represent him against the defendants (along with a handful of other defendants who either have not yet been served or who otherwise are not subject to the pending filing deadline) *pro bono publico*.

WHEREFORE, the above-listed Plaintiff respectfully pray for an extension of time, to and including April 30, 2007, to Answer Move in accordance with Rule 12 of the Federal Rules of Civil Procedure.

Sign: _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

NO.: CV-S-97-327-HDM (RLH)

WESTERN SHOSHONE NATIONAL COUNCIL
by its Chief, Raymond D. Yowell, and
CHIEF RAYMOND D. YOWELL as Representative of
the Class of Shoshone Persons,
Plaintiffs

v.

UNITED STATES OF AMERICA;
Department of the Interior, Secretary BRUCE BABBITT,
JULIE FAULKNER, ROBERT LAIDLAW;
Bureau of Land Management, ANN J. MORGAN, HELEN HANKINS; and
ORO NEVADA RESOURCES, INC.; its parents,
affiliates, subsidiaries, successors, assigns, etc.,
Defendants

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

(First Request)

1. On February 4, 1998, the Federal Defendants filed a Motion To Dismiss this case, accompanied by a supporting memorandum and served by mail on Plaintiffs.

2. On February 13, 1998, Defendant Oro Nevada filed a statement of Joinder in the federal motion, accompanied by a supporting memorandum and served by mail on Plaintiffs.

3. Plaintiffs respectfully move this Court to extend the time for filing their Opposition to the joint Motion to Dismiss to April 24, 1998, for the reasons set forth below.

4. The orderly prosecution of this case has been interwoven with and disrupted by ex parte Bureau of Land Management (BLM) actions against Plaintiffs, requiring Plaintiffs to respond in extra-judicial settings, as set forth in the following chronology:

- a. On February 6, 1998, Plaintiffs filed a Motion for Preliminary Injunction, requesting relief from ongoing ex parte contacts by Bureau of Land Management

(BLM) field officials threatening extra-judicial action on matters within the scope of this litigation

- b. On February 10, 1998, the Court assigned this case to Magistrate Judge Roger L. Hunt "for all further proceedings including the motion for preliminary injunction."

- c. On February 19, 1998, the BLM Elko Field Office mailed an "Unauthorized Use Notice and Order to Remove" to Plaintiff Western Shoshone National Council, alleging various statutory violations and threatening impoundment of livestock. The Field Office allowed 5 days from receipt of the notice to appear and contest the "notice and order."

- d. On February 23, 1998, Plaintiffs appeared at the BLM Elko Field Office and presented evidence and information in opposition to the BLM Notice and Order. Plaintiffs also informed in writing BLM officials there present that it considers issuance of the Elko Field Office Notice and Order to constitute harassment and evasion of orderly judicial process.

- e. On February 23, 1998, the Federal Defendants filed a memorandum in opposition to Plaintiffs' Motion for Preliminary Injunction.

- f. On February 25, 1998, the BLM Elko Field Office mailed a letter to individual Western Shoshone ranchers who are included among the persons represented by Plaintiffs, indicating that the BLM had contacted the United States Department of Justice for possible prosecution of the ranchers for violations of various agency regulations and requesting a meeting on March 4, 1998, to discuss issues which are the subject-matter of this case.

- g. On March 2, 1998, Plaintiffs responded in writing to the BLM letter and meeting proposal. Plaintiffs were informed by telephone before the proposed March 4 meeting that BLM officials would be unable to meet on that date.

5. As of the date of this filing, Plaintiffs continue to be apprehensive of further ex parte action by BLM field office personnel. Plaintiffs are maintaining a state of readiness to respond to ex parte contacts if necessary, but are hopeful the Court will grant relief from this necessity by issuance of a preliminary injunction in the form requested by Plaintiffs in their prior motion.

6. Plaintiffs do not have access to a large staff to handle their ordinary business, let alone the extra-ordinary demands of litigation. Staff and personal resources have been carefully assigned to assure Plaintiffs' orderly and timely involvement with this case.

7. Federal Defendants' ex parte conduct has forced Plaintiffs to represent their interests simultaneously in the judicial process and in extra-judicial settings, in the face of imminently threatened agency action. This has prevented Plaintiffs from attending to much of their regular business and deprived them of their ability to prepare and file their Opposition to Defendants' Motion to Dismiss within the time normally allotted for the same.

8. Plaintiffs' believe an extension of time to April 24, 1998, would be sufficient for filing their Opposition. This is Plaintiffs' first request for an extension.

9. Defendants will not be penalized by an extension of time to April 24, 1998, for Plaintiffs to respond to the Motion to Dismiss.

WHEREFORE, Plaintiffs move this Court for an Order extending the time for filing Plaintiffs' opposition to Defendants' Motion to Dismiss to April 24, 1998.

**William Thomas, et. al.**
    **Plaintiffs pro se,**

v.                                                                           **C.A. No. 95-1018**
                                                                         **Judge Charles R. Richey**

**The United States, et. al.**
    **Defendants.**

### FEDERAL DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, federal defendants respectfully move this Court for an enlargement of time, up to and including August 25, 1995, in which to respond to plaintiff's opposition to federal defendants' dispositive motion and plaintiff's motion to consolidate. In order to thoroughly respond to plaintiff's opposition, defendants need to gather information concerning certain of plaintiff's claims adn address them in a declaration for the Court. Because of plaintiff's numerous motions for an extension of time to file his opposition brief, defendants' reply has come due at a time when certain individuals involved in this case are out of the office on vacation. Defense counsel Marina Utgoff Braswell will be out of the office from August 7-18 on leave. While defendants have made every effort to prepare the necessary declaration and brief prior to counsel's departure from the office, it simply was not possible to complete it with certain people unavailable for necessary consultation and coordination.

Consequently, this motion for enlargement of time is

1

necessary in order for defense counsel to coordinate federal defendants' response with various agency representatives and to prepare and finish defendants' brief. Defendants regret the need to seek this further extension of time and anticipate that no further extension will be necessary.

By telephone call on August 2, 1995, plaintiff informed defense counsel that this motion will not be opposed.

**Civil Action No 2:05cv437-T**                                  4

**Executed On December 21, 2006**

**Respectfully Submitted,**

_/s/ Larry Thomas_ __12/21/2006__

Larry D. Thomas pro se / Plaintiff
3327 Lunceford St.
Montgomery, Alabama 36108

**ATTN: Honorable William Keith Watkins**
Office Of The Clerk
United States District Court
P.O Box 771
Montgomery, Alabama 35101-0711

**ATTN: Magistrate Judge Charles Coody**
Office Of The Clerk
United States District Court
P.O Box 771
Montgomery, Alabama 35101-0711

**Randolph Neeley**
**Leura G Canary**
Assistant United States Attorney
United States Attorney's Office
P.O Box 197
Montgomery, Al 36101-0197