Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

May 22, 2008

**Appeal Number: 07-13527-FF**
Case Style: Larry D. Thomas, Sr. v. R. James Nicholson
District Court Number:  05-00437 CV-W-N

TO:   Debra P. Hackett

CC:   Larry D. Thomas

CC:   R. Randolph Neeley

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 22, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY   AL   36104-4055

**Appeal Number: 07-13527-FF**
Case Style: Larry D. Thomas, Sr. v. R. James Nicholson
District Court Number:  05-00437 CV-W-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-13527

District Court Docket No.
05-00437-CV-W-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 25, 2008

THOMAS K. KAHN
CLERK

LARRY D. THOMAS, SR.,

    Plaintiff-Appellant,

versus

R. JAMES NICHOLSON,
Secretary of Veteran Affairs,

    Defendant-Appellee.

A True Copy Attested
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Alabama

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAY 2 2 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    January 25, 2008
For the Court:    Thomas K. Kahn, Clerk
By:    Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                              FILED
                       U.S. COURT OF APPEALS
                         ELEVENTH CIRCUIT
                            JAN 25, 2008
                         THOMAS K. KAHN
                              CLERK
```

No. 07-13527
Non-Argument Calendar

D. C. Docket No. 05-00437-CV-W-N

LARRY D. THOMAS, SR.,

                     Plaintiff-Appellant,

versus

R. JAMES NICHOLSON,
Secretary of Veteran Affairs,

                     Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

**(January 25, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Larry Thomas, proceeding pro se, appeals the district court's grant of summary judgment in favor of his former employer, R. James Nicholson, Secretary of the U.S. Department of Veterans Affairs ("VA"), in this employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-16, in which Thomas claimed illegal termination based upon his race (African-American). On appeal, Thomas argues that the district court erred by concluding that he presented no evidence to show a genuine issue of fact that the VA's stated reason for terminating him -- poor work performance -- was not legitimate and non-discriminatory, but was a pretext for race discrimination.[1] After careful review, we affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). Rule 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] We discern no error in district court's dismissal of Thomas's harassment claims, based on Thomas's failure to exhaust administrative remedies as to those claims. It is well-settled that, as a jurisdictional prerequisite, a federal employee must timely exhaust administrative remedies prior to filing an employment discrimination suit under Title VII. See Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). On appeal, Thomas raises no challenge to the district court's exhaustion analysis, instead only reasserting the merits of his harassment claims. Because those claims were dismissed based on an adequate, alternative ground, we need not and will not reach the merits of the claims.

entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). To warrant the entry of summary judgment, the moving party must demonstrate that "there is no genuine issue as to any material fact." HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Because Thomas relies on circumstantial evidence to establish his illegal termination claim, we test the sufficiency of that claim by applying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The plaintiff's successful assertion of a prima facie case "creates a rebuttable

3

presumption that the employer unlawfully discriminated against her." EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (citing U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 (1983)). Second, if the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. See Joe's Stone Crabs, 296 F.3d at 1272. We proceed to the third step of the analysis once the employer meets its burden of production by proffering a legitimate, non-discriminatory reason, thereby rebutting the presumption of discrimination, and "[our] inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1272-73 (citing Burdine, 450 U.S. at 255-56). "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Id. at 1273.

It is undisputed that the first and second steps of the McDonnell Douglas test were satisfied here. At the third step of the analysis, Thomas had to establish that the proffered reason for his termination -- poor job performance -- was a pretext for race discrimination. In order to do this, Thomas must demonstrate that the proffered reason was not the true reason for the employment decision "either

directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005)). Courts are not concerned with whether an employment decision is prudent or fair, but only with whether it was motivated by unlawful animus. Damon v. Fleming Supermarkets of Fla., 196 F.3d 1354, 1361 (11th Cir. 1999). We have held that "[t]he employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984). In other words, "[i]f the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it[;] . . . [q]uarreling with that reason is not sufficient." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1088 (11th Cir. 2004) (internal citation omitted) (emphasis added).

"[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted) (emphasis added). There must be sufficient evidence to allow a reasonable factfinder to conclude that the defendant's articulated reasons

5

are not believable. Jackson v. State of Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005). "[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." Rollins v. TechSouth, Inc., 833 F.2d 1525, 1529 (11th Cir. 1987). Similarly, "[s]peculation does not create a genuine issue of fact[.]" Cordoba v. Dillard's Inc., 419 F.3d 1169, 1181 (11th Cir. 2005). If the plaintiff is unable to satisfy his burden of demonstrating a triable issue of fact that the employer's stated reason was pretextual, the grant of summary judgment for the defendant is proper. Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004).

In the district court, Thomas did not present any evidence, let alone "significantly probative evidence," to rebut the VA's proffered reason that it fired him for poor performance. Clark, 990 F.2d at 1228. Rather, Thomas suggested, as he does again on appeal, that the VA "set him up to fail" and that VA management "kept him out of the loop" because he believed that he should be assigned to several committees. In addition to his own self-serving (and conclusory) statement, Thomas presented various letters from co-workers, all of whom described his knowledge, skills, and abilities with computers and computer training. Notably, all of these letters were unsworn, and none suggested that Thomas was discharged or otherwise set up to fail because of his race. As for three sworn and one unsworn statements from other co-workers, submitted by Thomas

6

in opposition to summary judgment, two of the affiants expressly indicated that they had no reason to believe that Thomas's termination was influenced by his race, and the co-worker who provided the unsworn statement said that he could not "conclusively" say that the decision maker who fired Thomas was a racist, nor did he suggest that Thomas's discharge was racially motivated.[2] On this record, Thomas failed to demonstrate the existence of a genuine issue of fact as to whether the VA's stated reason for his termination was pretextual. Accordingly, the district court properly granted summary judgment for the VA. We are unpersuaded by his other arguments.

**AFFIRMED.**



---

[2] Another sworn statement, this one provided by an employee named Tyrone Mitchell, likewise included no attestation that Thomas was terminated because of his race, as opposed to an other, legitimate and non-discriminatory reason, nor did it rebut head-on the VA's evidence of e-mails from Thomas that contained countless grammatical errors, as well as a sworn statement from Thomas's co-worker, Saundrah Venne, that Thomas's spelling was "really atrocious;" his English skills were "almost non-existent;: and his e-mail messages were "really poor quality." Thomas also failed to rebut a sworn statement from another employee, Ty Beasley, that Thomas's writing was of such poor quality that his training sessions had to be reviewed by staff members prior to client presentation.